UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

DEBORAH LAUFER, Individually,

*Plaintiffs,*

VS.

PRAMUKH BHAVAN INC., A Georgia Corporation,

*Defendant.*

CIVIL ACTION NO. 1:20-CV-04586-WMR

HON. WILLLIAM M. RAY

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant, PRAMUKH BHAVAN Inc., hereby answer and otherwise respond to Plaintiff's Complaint for Damages (hereafter "Complaint"), as follows:

**FIRST DEFENSE**

The Complaint fails to state a valid claim, cause, or right of action upon which relief can be granted and should, therefore, be dismissed.

**SECOND DEFENSE**

The Defendant, affirmatively states Plaintiff lacks standing under Article III of the U.S. Constitution to bring this action because there is no case or controversy

now or in the future. Plaintiff cannot prove (1) an injury in fact that (2) is fairly traceable to the challenged and (3) Plaintiff is not likely to be redressed by a favorable decision. These elements are not mere pleading requirements but rather an indispensable part of Plaintiff's case, unlike in this matter, each element must be supported.

**THIRD DEFENSE**

The Defendant affirmatively states it is not liable for information provided on third party web sites.

**FOURTH DEFENSE**

The Defendant affirmatively states Plaintiff's Complaint is moot.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in party, by the doctrine of mootness.

**SIXTH DEFENSE**

This Court lacks personal jurisdiction over Defendant

**SEVENTH DEFENSE**

The monetary relief sought by Plaintiff in the Complaint via a Federal action is barred pursuant to ADA and Federal case laws.

**EIGHTH DEFENSE**

Plaintiff's claims for injunctive relief are barred as a result of the then-existing an adequate remedy at law.

**NINTH DEFENSE**

Plaintiff's damages may have been caused or contributed to by the acts or omissions of non-parties over which Defendant had no control. Those non-parties may be liable, in whole or in part, for Plaintiff's damages and Defendant intend to apportion liability as to those non-parties.

**TENTH DEFENSE**

Plaintiff's claims for injunctive relief are barred as a result of then-existing an adequate remedy of law.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred because if the facilities identified in the Complaint are not in compliance with the ADA, which is expressly denied, then the remedial work would be technically not feasible, not readily achievable, and/or cause Defendant undue hardship.

**TWELFTH DEFENSE**

Plaintiff's claims are barred because if the facilities identified in the Complaint are not in compliance with ADA, which is expressly denied, no

remedial work could be conducted without fundamentally altering the nature of the services and facilities being provided.

**THIRTEENTH DEFENSE**

Indispensable party defendants have not been joined in this action because the purported violations include the online reservations system that are responsibility of another entity or entities, and they have not been joined in this action

**FOURTHEENTH DEFENSE**

Plaintiff's claims are barred, precluded or limited by the doctrine of unclean hands because Plaintiff has refused reasonable and appropriate measures which have permitted plaintiff the same access as that provided to the general public.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in party, because Plaintiff was not a bona fide patron of the hotel at issue and, if he visited the hotel, he visited solely for purposes of initiating the instant litigation.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not

a bona fide patron of the hotel at issue and, if he visited the hotel, he visited solely for purposes of initiating the instant litigation.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are, in whole or in part, barred when Plaintiff failed to comply with the pre-litigation requirements pursuant to applicable laws.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, precluded, or limited by the doctrine of laches because Plaintiff has unreasonably delayed his bringing of this action without good cause.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff seeks overlapping and duplicative recovery based on the same underlying facts.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff failed to provide advanced notices requesting any adaptations, modifications, alternative services or other changes to the facilities prior to initiating this lawsuit, thus depriving Defendant the right to cure as a matter of due process.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because there is alternative ADA compliant available to Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the statute of limitations.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that federal, state, or local laws, including but not limited to zoning and landmark ordinances, prohibit the physical modifications sought.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that Defendant relied on the directions and directives of state and/or local permitting authorities regarding the facilities identified in the Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional affirmative defenses as such additional defenses become known through investigation, discovery or otherwise.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has filed over 500 identical complaints in Federal Courts across America. Therefore, the validity of the within claims are mistrusted.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

AND NOW, by way of further defense and responding specifically to each and every allegation of Plaintiff's Complaint, Defendant state as follows:

1.

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

3.

Defendant denies each and every allegation contained in Paragraph 3 of Plaintiff's Complaint, except admit that the Defendant owns the real property located at 1350 Dogwood Dr SE, Conyers, GA 30013, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

4.

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies knowledge and information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

6.

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

7.

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

8.

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and respectfully refers the Court to the underlying statutes for the precise and accurate interpretation.

9.

Defendant denies each and every allegation contained in Paragraph 9 of Plaintiff's Complaint, and respectfully refers to the Court to the underlying statutes for the precise and accurate interpretation.

10.

Defendant denies each and every allegation contained in Paragraph 10 of Plaintiff's Complaint, and respectfully refers to the Court to the underlying statutes for the precise and accurate interpretation.

11.

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies knowledge and information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies each and every allegation contained in Paragraph 21 of Plaintiff's Complaint, and respectfully refers to the Court to the underlying statutes for the precise and accurate interpretation.

16.

Defendant denies each and every allegation contained in Paragraph 21 of Plaintiff's Complaint, and respectfully refers to the Court to the underlying statutes for the precise and accurate interpretation.

17.

Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint, and respectfully refers to the Court to the underlying statutes for the precise and accurate interpretation.

18.

Defendant denies each and every allegation contained in Paragraph 18 of Plaintiff's Complaint, and respectfully refers to the Court to the underlying statutes for the precise and accurate interpretation.

19.

Defendant denies each and every allegation contained in Paragraph 19 of

Plaintiff's Complaint, and respectfully refers to the Court to the underlying statutes for the precise and accurate interpretation.

20.

Defendant denies each and every allegation contained in Paragraph 20 of Plaintiff's Complaint, and respectfully refers to the Court to the underlying statutes for the precise and accurate interpretation.

21.

Defendant denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph or its subparagraphs (a)-(d) that follow the final paragraph of Plaintiff's Complaint.

22.

Defendant denies all allegations of the Complaint not specifically admitted herein, including any prayers for relief.

23.

Defendants demand trial by jury on any issues so triable.

Any allegations in Plaintiff's Complaint not specifically responded to by Defendants are hereby denied. Defendants further deny Plaintiff is entitled to recover from Defendants in any sum or manner whatsoever.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant,

Pramukh Bhavan Inc., hereby respectfully request:

(a) That it be discharged without liability to Plaintiff;

(b) That it have a trial by a jury of twelve (12) as to all issues properly triable by a jury;

(c) That costs be assessed against Plaintiff; and

(d) That it have such other relief as the Court deems just and proper.

This 11th day of December, 2020.

Respectfully submitted,

/s/ Austin Moretz

M. AUSTIN MORETZ
GEORGIA BAR NO.: 529307
amoretz@gallowaylawfirm.com
KENNETH R. CANTRELL III
GEORGIA BAR NO.: 282431
kcantrell@gallowaylawfirm.com

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
A Professional Law Corporation
990 Hammond Drive, Suite 210
Atlanta, Georgia 30328
Telephone: (678) 951-5100
Facsimile: (678) 951-1510
**Attorney for Defendant, Pramukh Bhavan Inc.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| DEBORAH LAUFER, Individually,<br><br>*Plaintiffs,*<br>VS.<br><br>PRAMUKH BHAVAN INC., A Georgia Corporation,<br><br>*Defendant.* | CIVIL ACTION NO.<br>1:20-CV-04586-WMR<br><br>HON. WILLLIAM M. RAY |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants. I also certify that I have forwarded this filing by electronic mail and/or regular U.S. Mail, postage pre-paid, this same day to all non-CM/ECF participants and to all counsel of record.

Respectfully submitted,

/s/ Austin Moretz

M. AUSTIN MORETZ
GEORGIA BAR NO.: 529307
amoretz@gallowaylawfirm.com
KENNETH R. CANTRELL III
GEORGIA BAR NO.: 282431
kcantrell@gallowaylawfirm.com

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
A Professional Law Corporation
990 Hammond Drive, Suite 210
Atlanta, Georgia 30328
Telephone: (678) 951-5100
Facsimile: (678) 951-1510
**Attorney for Defendant, Pramukh Bhavan Inc.**